IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CR-337-FL-7

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| ANDREW PEART, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court on December 16, 2021, for administrative telephonic conference on trial scheduling. Pending then were defendant's motions 1) for notice of the government's intent to use co-conspirator statements under Rule 801(d)(2)(E); 2) for notice of the government's intent to use Rule 404(b) evidence; and 3) for leave to file further pretrial motions (DE 214, 215, 216). Defendant appeared through counsel, Meredith Woods Hubbard, and the government appeared through counsel, Kelly L. Sandling. A number of issues bearing on scheduling presented this date, as follows.

A.  Trial Scheduling

At conference, the court advised the parties that the clerk of court has calculated that the time under the Speedy Trial Act of 1974, as amended, 18 U.S.C. § 3161(c)(1) ("the Act") expires on January 24, 2022. The court may exclude from speedy trial computation "[a]ny period of delay resulting from a continuance granted by any judge on [her] own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §

3161(h)(7)(A). In granting a continuance under the "ends of justice" provision, the court must make findings based on a non-exhaustive list of factors, such as the complexity of the case and the time reasonably required by the parties to prepare. See 18 U.S.C. § 3161(h)(7)(B).

The court inquired how much time defense counsel and counsel for the government reasonably require effectively to prepare for trial, considering the due diligence of the parties and any complexities in the case. The parties explained their shared determination that trial commencing sometime in May 2022 is appropriate. Each side explained that this additional period of time is necessary in order to promote respective opportunities properly to prepare for trial and effectively represent their clients. And each party affirmed no prejudice would occur from setting a trial date in May 2022, several months after expiration of the January 24, 2022, deadline under the Act.

Upon review of the record, with reliance upon the parties' responses, and in deference to Rule 2, Fed. R. Crim. P., jury trial is set to commence at New Bern, May 23, 2022, beginning with pre-trial conference at 9:00 a.m., followed by jury selection to commence at or around 9:30 a.m. Not later than May 11, 2022, the parties shall file any proposed jury instructions and voir dire. The government shall file a proposed verdict form by that same date. Based on the forgoing, the court finds that the ends of justice served by this continuance outweigh the best interests of the public and the defendant in a speedy trial.

Taking into consideration arraignments of other co-defendants remaining to be undertaken, variously set at this time to commence January 4, February 8, and March 8, 2022, as discussed at conference, the clerk shall notify this defendant upon any not-guilty plea, of the co-defendant's administrative telephonic conference on trial scheduling so this defendant may attend. And so it shall go, unless trial of a defendant pleading not guilty is severed, all defendants for trial shall be

2

Case 5:21-cr-00337-FL   Document 231   Filed 12/17/21   Page 2 of 4

noticed of a later pleading co-defendant's trial scheduling conference, to facilitate their participation as well.

B.   Preliminary Motions

The court also memorializes herein the court's address at conference of defendant's pending pretrial motions, filed November 29, 2021, to which the government failed to timely respond.  (See Order (DE 192) at 1 ("The Government shall have until December 13, 2021 . . . [to] file its responses to [defendant's pretrial] motions.")); Local Criminal Rule 47.1(c) ("Any party may file a written response to any motion. . . . Responses and accompanying documents shall be filed within 14 days after service of the motion.").  Referral of the three unopposed motions was made by the clerk December 15, 2021.

The court made inquiry of the government in confirmation of its apparent consent to relief requested.  It was revealed that the government intends to respond in opposition to one or more parts of some of defendant's motions on a schedule appearing of its own making, without regard to the schedule established by this court.

The government was accorded by this court, where no malfeasance was detected; rather, a seeming careless and lazy case approach, additional time up to and until the close of business December 17, 2021, to file any response, without objection.  The government was divested of any notion that such an approach to established case deadlines will be allowed to persist.

Of defendant's three motions at issue, 1) for notice of the government's intent to use co-conspirator statements under Rule 801(d)(2)(E); 2) for notice of the government's intent to use Rule 404(b) evidence; and 3) for leave to file further pretrial motions, (DE 214, 215, 216), the last one, without more, was denied as untimely by the court.  Should some specific cause arise in the future suggesting need to file motion out of time, more particularized request then may be made.

On this basis, defendant's motion for leave to file further pretrial motions is denied without prejudice. (DE- 216).

SO ORDERED, this the 17th day of December, 2021.

                                         LOUISE W. FLANAGAN
                                         United States District Judge